UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X  Case No. 19-CV-5951 (VB) (LMS)
EKOW DEBRAH BARTELS,

                              Plaintiff,

              -against-                         **STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

STEW LEONARD'S YONKERS LLC,

                             Defendants.
------------------------------------------------------------X

      The following provisions shall govern the exchange of confidential information in this matter:

      1.    Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

      2.    "Confidential Information" means trade secrets, commercially sensitive business information, sensitive personal or financial information, that is produced in this litigation, except that Confidential Information shall not include (1) any information which was lawfully and properly in the possession of any Party as of the commencement of this lawsuit, or (2) any information which is in the public domain. All medical records produced in this action shall be deemed Confidential Information.

      3.    Medical Records of the individual parties may be further designated as "CONFIDENTIAL – MEDICAL." Any medical records so designated may not be disclosed to parties, but may be reviewed only by upper-management and those managers named in the Complaint, Human Resources Manager, attorneys, in-house counsel, and by appropriate medical experts retained by the parties.

      4.    Unless ordered by the Court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

      5.    In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution· by the Court. The burden rests on the producing party seeking confidentiality to demonstrate that such designation is appropriate. In any application to the Court referred to or permitted by this Protective Order, the Court may exercise discretion in determining

1

whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed, in this case, is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

6. Information or documents designated as "Confidential" shall not be disclosed to any person except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.
   d. Subject to the condition set forth in Paragraph 7 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
   e. Subject to the condition set forth in Paragraph 7 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for. his/her testimony and may not retain the Confidential Information;
   f. Any mediator mutually agreed to by the parties to attempt to resolve this action; and
   g. Individuals as set forth in paragraph 3 hereof.

7. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents;
   b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 6(d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

9. The producing party may waive the confidentiality provisions of this Protective Order as to any information designated as confidential or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other

information deemed confidential pursuant to this Protective Order. Use of information acquired through independent search or investigation (other than discovery from the Parties to this action) or which is in the public domain shall not be restricted by the terms of this Protective Order.

10. The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of thirty (30) days after receipt by counsel of the transcript of the deposition. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection. If counsel believes that the deposition transcript or a portion thereof constitutes Confidential Information, counsel shall designate by page and line number, in writing, to opposing counsel within the thirty-day period those portions of the transcript constituting Confidential Information. Any portion that is not designated is deemed not to contain Confidential Information. The Protective Order shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as Confidential.

11. Any party seeking to file papers with the Court that incorporate Confidential Information of the opposing party or reveal the contents thereof shall, before filing with the Court, but in no case less than two business days prior to the filing deadline, inform the opposing party of the confidential information to be incorporated and/or attached and allow the opposing party to first make before the filing deadline an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Information and/or move for an extension of the filing deadline for that purpose. No materials shall be filed under seal unless the Court has issued an Order approving the filing under seal, in which event the filing under seal shall be made by the opposing party following the District Court rules applicable to filing under seal. Both parties consent to and the Court agrees to allow an extension of any filing deadline to accommodate the time required to complete this process.

12. This Protective Order may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Protective Order.

13. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

14. Pending court approval of this Stipulation, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: November 7, 2019

| | |
|---|---|
| **PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC** *Attorneys for Plaintiff* | **LAW OFFICES OF LORAINE CORTESE-COSTA** *Attorneys for Defendant* |
| By: /s/ Brittany A. Stevens<br>Brittany A. Stevens, Esq.<br>Katerina Housos, Esq.<br>45 Broadway, Suite 620<br>New York, New York 10006<br>T: (212) 248 – 7431<br>F: (212) 901 - 2107<br>bstevens@tpglaws.com<br>khousos@tpglaws.com | By: /s/ Loraine M. Cortese-Costa<br>Loraine Cortese-Costa, Esq.<br>36 Main Street, # 633<br>Old Saybrook, Connecticut 06475<br>Loraine@Cortesecostalaw.com<br>T-(203) 520-7640 |

So Ordered

/s/ Vincent L. Briccetti   11/12/19

VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

→ Clerk shall terminate the motion. (Doc. #19).

→ With respect to paragraph 10/11 above, the Court does not agree to allow such extensions. Any such extension must be requested in advance from the Court.

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Ekow Debrah Bartels v. Stew Leonard's*, Civil Action No. 19-CV-5951 (VLB) (LMS), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

     I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 2019

_____
**NAME**